IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JOSEPH S. COEY,**

    **Plaintiff,**

**v.**                                            **No. CIV 00-1613 MV/RLP**

**NEW MEXICO EDUCATORS
FEDERAL CREDIT UNION,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion to Compel Discovery from Plaintiff [Docket No. 39]. For the reasons set forth below, the motion is granted in part and denied in part.

Plaintiff seeks damages in the form of front pay, back pay and reinstatement, claiming that Defendant, a federally charted credit union, discriminated against him on the basis of his age in violation of the Age Discrimination in Employment Act, §§29 U.S.C. 621-634. [Docket No. 1].

Defendant seeks to compel:

A.     The production of documents and the answering of interrogatories related to any and all personal real estate transactions Plaintiff or his spouse entered into in the last ten year's of Plaintiff's employment with Defendant (RFP 3, Interrogatory No. 10);

B.     The production of documents and answering of interrogatories related to all loans Plaintiff and/or his spouse received from any financial institution or private individual during the time Plaintiff was employed by Defendant (June 1, 1973 to January 12, 2000) (RFP 4, Interrogatory No.11), and

C.     The production of all records from any type of financial institution in the name of Plaintiff or his wife, for the calendar years 1994 through 2001 (RFP No. 10).

Defendant contends that information requested is within the scope of discovery authorized

by Fed. R. Civ. P. 16(b)(1) in that it is reasonably calculated to lead to the discovery of admissible evidence: that is, after-acquired evidence of Plaintiff's having used his position with Defendant for personal gain, which would support Defendant's business decision to terminate his employment. Plaintiff objects to each item of discovery, contending each is irrelevant, cumulative, and unreasonably burdensome in terms of expense versus likely benefit.

After-acquired evidence of employee misconduct is admissible on the issue of scope of liability in claims brought under the ADEA, where reinstatement or front pay are sought. *McKennon v. Nashville Banner Publishing Co.,* 513 U.S. 352, 115 S.Ct. 879, 882 (1995). Accordingly, I find that the information and documents requested are reasonably calculated to lead to the discovery of admissible evidence. However, I also find that the period of time encompassed by the discovery requests is unreasonably burdensome, and that production of the materials requested will be limited to five years prior to Plaintiff's termination of employment

**IT IS THEREFORE ORDERED** that the Defendant's Motion to Compel Discovery is granted in part, and that Plaintiff shall Answer Interrogatories 10 and 11, and Respond to Requests for Production 3, 4 and 10, limiting his responses to five years prior to his termination of employment.

**IT IS SO ORDERED.**

                                                            _____
                                                            RICHARD L. PUGLISI
                                                            United States Magistrate Judge

Attorneys for Plaintiff
        J. Edward Hollington, Esq.
        David H. Thomas, Esq.

Attorneys for Defendant
        Barbara G. Stephenson

Duane C. Gilkey
Trent A. Howell