IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH S. COEY,

        Plaintiff,

vs.                                                                                          No. CIV 00-1613 MV/RLP

NEW MEXICO EDUCATORS
FEDERAL CREDIT UNION,

        Defendant.

## **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss, or Alternatively, to Stay Plaintiff's Claims and Compel Arbitration **[Doc. No. 14]**, filed February 21, 2001. The Court, having considered the motion, response, reply, relevant law and otherwise being fully informed, finds that the motion is not well taken and will be **denied.**

### **FACTUAL BACKGROUND**

Plaintiff, Mr. Coey, filed suit for violation of the Age Discrimination Employment Act ("ADEA"). Defendant, the New Mexico Educators Federal Credit Union ("NMEFCU"), seeks to dismiss Mr. Coey's complaint, or a stay of this action until he has submitted his complaints to binding arbitration. NMEFCU contends that Mr. Coey's claims fall within the arbitration clause in his employment agreement, and that the Federal Arbitration Act therefore bars this action.

**DISCUSSION**

"[T]he first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985). "As in any contract case, the parties' intent is controlling with regard to whether they agreed to arbitrate a particular dispute, and determining intent is a question of law for the court." *Armijo v. Prudential Ins. Co.*, 72 F.3d 793, 797 (10th Cir. 1995) (citing *Mitsubishi*, 473 U.S. at 626). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Williams v. Imhoff*, 203 F.3d 758, 764 (10th Cir. 2000) (citations omitted). However, the Federal Arbitration Act ("FAA") only applies if there is an individual agreement signed by both parties and a court is satisfied that the parties have agreed in writing to arbitrate the issues in dispute. *See Williams*, 203 F.3d at 764.

The Court finds that there is no doubt that the parties did not agree to arbitrate Mr. Coey's statutory claims under the ADEA. The terms of the agreement simply state that "[a]ny dispute or disagreement which may arise relating to this Agreement, its interpretation, performance, or termination, shall be resolved by arbitration...." *See* NMEFCU's Memorandum in Support of Its Motion to Dismiss at 2. As plaintiff points out, the arbitration clause refers to disputes that relate to the employment agreement, *its* interpretation, performance or termination. Mr. Coey does not bring a contractual claim. He does not contend that NMEFCU violated his employment agreement. Nothing in his complaint relates to the employment agreement, its interpretation, performance or termination. Mr. Coey contends that NMEFCU terminated him in violation of the ADEA. If, by the terms of the agreement, the arbitrator has no authority to decide the ADEA claims or award any damages under the ADEA, then the parties did not intend

to submit ADEA claims to arbitration.  *See Alcarez v. Avnet, Inc. et al.,* 933 F. Supp. 1025, 1027 (D.N.M. 1996).  An employee can only be required to arbitrate federal employment discrimination claims if he has contracted to do so.  *Armijo*, 72 F.3d at 797 (citing *Gilmer v. Interstate/Johnson Lane Corporation*, 500 U.S. 20, 35 (1991)).

      The clauses in cases that have upheld arbitration clauses as against ADEA or other statutory claims were much broader in scope.  For example, the clause in *Gilmer* referred to arbitration "[a]ny controversy ... arising out of the *employment* or termination of employment." *Gilmer*, 500 U.S. at 23 (emphasis added).  In that case, the Supreme Court found that plaintiff's ADEA claims were arbitrable.  The Tenth Circuit in *Williams* was presented with an even broader agreement that stated that "*any* dispute, claim or controversy that may arise between" the employee and the employer was required to be arbitrated.  *See Williams*, 203 F.3d at 760 (emphasis added).  Therefore, the court found that plaintiff's Employment Retirement Income Security Act ("ERISA") claims were arbitrable.  The clause in this case is much narrower and only refers to contractual claims or disputes that arise out of the agreement.  "There is no reason to distort the process of contract interpretation, however, in order to ferret out the inappropriate." *Mitsubishi*, 473 U.S. at 627.  In order for the Court to find that the ADEA claim was within the arbitration clause in the employment contract, the Court would have to distort the process of contract interpretation.

      Therefore, because by the terms of the agreement the parties did not agree to arbitrate Mr. Coey's ADEA claims, there is no authority to dismiss this action and compel arbitration. NMEFCU's motion to dismiss will therefore be denied.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, or Alternatively, to Stay Plaintiff's Claims and Compel Arbitration **[Doc. No. 14]**, filed February 21, 2001 is hereby **denied**.

Dated this 3rd day of August, 2001.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff
J. Edward Hollington

Attorneys for Defendant
Barbara G. Stephenson
Trent A. Howell